## EX PARTE FRED C. KNOLLENBERG.

No. 6597.    Decided March 14, 1934.
(69 S. W. 2d Series, 37.)

*Harry L. Walsh, D. J. Smith* and *Fred C. Knollenberg*, all of El Paso, for relator.

There was no authority in law for the court to order the production of the letters, and such order was an abuse of judicial discretion.   Levy v. Superior Court of California, 239 Pac. 1100; State v. Superior Court of Washington, 187 Pac. 358, 9 A. L. R., 157; Lester v. People, 150 Ill. 408.

In the judgment of relator, compliance with the Court's order would have been prejudicial to the case of plaintiff in said trial.   Ex parte Snodgrass, 43 Texas Crim. Rep., 359, 65 S. W., 1061; In re Thomas, 56 Utah 315, 190 Pac. 852; Eastman v. Dole, 213 Ill. App. 364.

When relator told the court he would introduce the letters in evidence immediately after the cross-examination of the defendant Stallings, the court was without authority to order them produced prior thereto.   Ex parte Renfro, 115 Texas, 82, 273 S. W., 813, 40 A. L. R., 900; Ex parte Hunt, 100 Ark., 419, 140 S. W., 710.

*David E. Mulcahy,* County Attorney of El Paso County, as amicus curaie.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a proceeding on writ of habeas corpus issued by the Supreme Court on the application of the relator, Fred C. Knollenberg. The relator claims that he is unlawfully restrained by the sheriff of El Paso County under a commitment issued by the County Court at Law of said county. The relator was fined by said court, in the sum of $25, for contempt, and committed to jail until said fine is paid.

The facts are substantially as follows:

In October, 1933, a certain civil case was in process of trial in said county court. The suit concerned certain rentals alleged to be due to the plaintiff in said suit by the defendant therein. The relator was the attorney for the plaintiff in the suit. The relator went upon the witness stand, and gave testimony in behalf of the plaintiff. He had in his possession two certain letters which the defendant had written to the plaintiff. Both these letters dealt with matters pertinent to the issues in said suit. On cross-examination of the relator by the defendant's council, the former admitted having said letters in the court room at the time, and he was asked by defendant's counsel to produce them. This the relator refused to do. The trial judge thereupon ordered the witness, the relator, to produce the letters. The relator respectfully refused to obey the order, on the ground (1) that same were private papers of the plaintiff, which the relator, as attorney, had received from his client, and therefore same constituted confidential communications, and (2) that the contents of said letters were self-serving statements of the defendant, and therefore not admissible in evidence in his favor. In connection with his refusal to obey the order of the court, the relator further stated to the court that the letters would be produced after the defendant in the case had testified. The trial judge thereupon entered an order, in due form, finding the relator for disobeying the order of the court to produce said letters. The relator voluntarily produced the letters, after the defendant had testified, and same were introduced in evidence.

There is no pretense that the said county court did not have jurisdiction of the subject matter of the suit mentioned. Nor can there be any doubt that the court had jurisdiction to require the relator, under the circumstances stated, to produce the letters as he was ordered to do. It was not the province of the relator, either in his capacity as attorney or as witness, to decide as to the admissibility of the letters in evidence, or

to select the stage of trial for their production. It was his duty to obey the order of the court. Ex parte *Lipscomb*, 111 Texas, 409, 239 S. W., 1101. It is not necessary for us to decide as to the power of a trial court to compel the production of confidental communications between attorney and client. No such case is before us. The letters in question were written by the defendant, who was not a client of the relator.

We recommend that the relator be remanded to the custody of the sheriff of El Paso County.

The opinion of the Commission of Appeals is adopted, and the relator remanded to the custody of the sheriff of El Paso County, Texas.

C. M. CURETON, Chief Justice.